**Slip Op. 13- 113**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Nicholas Tsoucalas, Senior Judge**

| | |
|---|---|
| Papierfabrik August Koehler SE, : | |
|     Plaintiff, : | |
| v. : | |
| UNITED STATES, : | Court No.: 13-00163 |
|     Defendant, : | |
| and : | |
| Appleton Papers Inc., : | |
|     Defendant-Intervenor. : | |

**OPINION and ORDER**

**Held:** Plaintiff's motion to reconsider motion to stay is denied.

Dated: August 29, 2013

Drinker Biddle & Reath LLP (Richard P. Ferrin and William Silverman) for Papierfabrik August Koehler SE, Plaintiff.

Stuart F. Delery, Assistant Attorney General; Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Joshua E. Kurland); Office of the Chief Counsel for Import Administration, United States Department of Commerce, Jessica M. Forton, Of Counsel, for the United States, Defendant.

King & Spalding LLP (Gilbert B. Kaplan and Daniel L. Schneiderman) for Appleton Papers Inc., Defendant-Intervenor.

**Tsoucalas, Senior Judge:** Plaintiff Papierfabrik August Koehler SE ("Koehler") moves for reconsideration of its motion to stay proceedings pending the outcome of Papierfabrik August Koehler AG v. United States, Consol. Ct. No. 12-00091 ("Ct. No. 12-00091").

**Court No. 13-00163**                                                                                               **Page 2**

See Pl.'s Mot. Reconsider Mot. Stay, Ct. No. 13-00163, ECF No. 34 at 1 ("Pl.'s Mot."). Koehler requests that the court reconsider its motion to stay because corroboration of the adverse facts available ("AFA") rate defendant United States Department of Commerce ("Commerce") assigned Koehler is dependant on transaction-specific margins from an earlier review that may be revised on remand in Ct. No. 12-00091. Id. at 1–10. Commerce and defendant-intervenor Appvion, Inc.[1] oppose Koehler's motion. For the reasons stated below, Koehler's motion is denied.

The instant case concerns the final results of the third administrative review of lightweight thermal paper ("LWTP") from Germany ("AR3"). Compl., Ct. No. 13-00163, ECF No. 6 at 1. During AR3, Koehler admitted that it failed to report certain home market sales that were "transshipped from Koehler to a third country and then back into Germany." See Pl.'s Mot. Stay, Ct. No. 13-00163, ECF No. 30 at 3 (July 24, 2013). In the final results of AR3, Commerce assigned Koehler a margin based on AFA. See LWTP From Germany: Final Results of Antidumping Duty Administrative Review; 2010-2011, 78 Fed. Reg. 23,220, 23,221 (Apr. 18, 2013) ("AR3 Final").

A portion of the unreported transshipped sales occurred during

---

[1] On May 13, 2013, Appleton Papers Inc. changed its name to Appvion, Inc. See Letter to The Hon. Tina Kimble, Clerk of the Court, re: Papierfabrik August Koehler SE v. United States, Ct. No. 13-00163, ECF No. 25 (June 21, 2013).

the period of review covered by the second administrative review of LWTP from Germany ("AR2"). See Pl.'s Mot. Stay at 3. The final results of AR2 are before Judge Stanceu in Ct. No. 12-00091. Following publication of AR3 Final, Commerce moved for a voluntary remand in Ct. No. 12-00091 to address the effect of the unreported transshipped sales on the final results of AR2. See Def.'s Partial Consent Mot. Voluntary Remand, Ct. No. 12-00091, ECF No. 43 (May 30, 2013). That motion is currently pending.

In the interim, Koehler moved to stay the instant case pending consideration of the transshipped sales issue in Ct. No. 12-00091. See Pl.'s Mot. Stay at 3. This court denied that motion, and Koehler now moves for reconsideration. See Pl.'s Mot. at 1.

The decision to grant or deny a motion for reconsideration "rests within the discretion of the court." See Home Meridian Int'l, Inc. v. United States, 37 CIT __, __, Slip Op. 13-101 at 4 (Aug. 7, 2013). "A motion for reconsideration will be granted 'only in limited circumstances,'" including "'(1) an error or irregularity, (2) a serious evidentiary flaw, (3) the discovery of new evidence which even a diligent party could not have discovered in time, or (4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.'" Id. at __, Slip Op. 13-101 at 3-4 (quoting Target Stores v. United States, 31 CIT 154, 156, 471 F. Supp. 2d 1344, 1347 (2007)). However, "[a] motion for reconsideration will not be

**Court No. 13-00163** Page 4

granted 'merely to give a losing party another chance to re-litigate the case.'" Id. at __, Slip Op. 13-101 at 4 (quoting Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008)).

Koehler argues that "[i]n all fairness, and in light of several important facts that were not presented to the Court in the original motion or the responses thereto, . . . the Court should reconsider its decision, and should stay this proceeding." Pl.'s Mot. at 1. According to Koehler, corroboration of the AFA rate from AR3 Final is dependant on certain transaction-specific margins Commerce calculated in AR2. Id. at 2. Koehler insists that the transaction-specific margins from AR2 are erroneous and Commerce may revise them if the record of AR2 is reopened on remand in Ct. No. 12-00091. See id. at 3-10. Because revision of the transaction-specific margins in AR2 could impact corroboration of the AFA rate in AR3 Final, Koehler asks the court to stay the instant case. Id. at 9.

The court must deny the motion to reconsider because Koehler is simply trying to re-litigate its motion to stay on new grounds. See Home Meridian, 37 CIT at __, Slip Op. 13-101 at 4. In its initial motion, Koehler argued that a stay in this case was warranted because Ct. No. 12-00091 also involved the unreported transshipped sales. See Pl.'s Mot. Stay at 3. Now, in its motion to reconsider, Koehler argues that a stay is warranted because

**Court No. 13-00163**                                                                                         **Page 5**

Commerce may reopen the record and may revise certain margins on remand in Ct. No. 12-00091.  Pl.'s Mot. at 9-10.  Koehler simply puts forth a new argument in favor of staying this case that it failed to raise in its original motion.  Moreover, Koehler does not allege any facts indicating that the limited circumstances under which the court will grant a motion for reconsideration apply in the instant case.  See id. at 1-10; Home Meridian, 37 CIT at __, Slip Op. 13-101 at 3-4.  Accordingly, Koehler's motion is denied.

### ORDER

Upon consideration of the plaintiff's motion to reconsider motion to stay and the responses thereto, and in accordance with the above, it is hereby

**ORDERED** that plaintiff's motion to reconsider motion to stay is **DENIED;** and it is further

**ORDERED** that the briefing schedule established by this court's July 18, 2013 order (ECF No. 29) shall run from August 5, 2013, the date on which this court denied the plaintiff's original motion to stay.

                                                                          /s/ Nicholas Tsoucalas
                                                                        **Nicholas Tsoucalas**
                                                                           **Senior Judge**

**Dated: August 29, 2013**
       **New York, New York**