**Slip Op. 13-141**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| PAPIERFABRIK AUGUST KOEHLER SE, : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> UNITED STATES, : <br>  : <br> Defendant, : <br>  : <br> and : <br>  : <br> APPLETON PAPERS INC., : <br>  : <br> Defendant-Intervenor. : <br>  : | Before: Nicholas Tsoucalas, <br> Senior Judge <br><br> Court No.: 13-00163 |

**OPINION and ORDER**

[Plaintiff's Motion for Expedited Briefing and Consideration is denied.]

Dated: November 14, 2013

F. Amanda DeBusk and Matthew R. Nicely, Hughes Hubbard & Reed LLP, of Washington, DC, for plaintiff.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Jessica M. Forton, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Daniel L. Schneiderman and Gilbert B. Kaplan, King & Spalding LLP, of Washington, DC, for defendant-intervenor.

**Tsoucalas, Senior Judge:** Before the court is plaintiff Papierfabrik August Koehler SE's ("Koehler") Motion for Expedited Briefing and Consideration, ECF No. 59 (Nov. 5, 2013) ("Mot. to Expedite"). Plaintiff asks the court to expedite briefing and

consideration of its Motion to Compel Commerce to Strike Information Or, In the Alterative, Compel Commerce to Disclose the Information, ECF No. 57 (Nov. 5, 2013) ("Mot. to Compel"). Defendant U.S. Department of Commerce ("Commerce") and defendant-intervenor Appvion, Inc. ("Appvion"),[1] oppose Koehler's motion. For the reasons stated below, the Mot. to Expedite is denied.

Koehler's Mot. to Compel concerns certain bracketed and double-bracketed proprietary information contained in allegations Appvion made to Commerce during the administrative proceeding under review in the instant case. See Mot. to Compel at 1. Appvion alleged that Koehler undertook a transshipment scheme to conceal home market sales, id. at 1-2, which Koehler admitted to during the review. See Issues and Decision Memorandum for the Final Results of the 2010-2011 Administrative Review on Lightweight Thermal Paper from Germany at 7-8 (Apr. 10, 2013), A-428-840. Koehler contests the bracketing of certain information contained in Appvion's allegations because Commerce imposed adverse facts available ("AFA") "[b]ased in significant part on those allegations." Mot. to Compel at 2.

Koehler moves to expedite briefing and consideration of the Mot. to Compel so that it will be able to account for the

---

[1] On May 13, 2013, Appleton Papers Inc. changed its name to Appvion, Inc. See Letter to the Clerk of the Court, re: Papierfabrik August Koehler SE v. United States, Ct. No. 13-00163, ECF No. 25 (June 21, 2013).

outcome of that motion in its motion for judgment on the agency record. Mot. to Expedite at 1–2. According to Koehler, it does not have sufficient time under the current briefing schedule because its motion for judgment on the agency record is due December 6, 2013. Id. Koehler insists that expedition will not prejudice the opposing parties because the Mot. to Compel "addresses a very narrow and discrete question." Id. at 2.

This Court may expedite any "action that [it] determines, based on motion and for good cause shown, warrants expedited treatment." USCIT R. 3(g)(5). Here, Koehler fails to demonstrate that good cause "warrants expedited treatment" of the Mot. to Compel. In its Mot. to Compel, Koehler argues that Commerce violated its statutory and constitutional due process rights, as well as Commerce's own regulations, by allowing Appvion to bracket and double-bracket certain information pertaining to the transshipment scheme. See Mot. to Compel at 3. Koehler insists that these issues are narrow, but they are new substantive allegations that Koehler did not raise in its complaint,[2] see Compl. at 6–7, and opposing parties must have a full opportunity to address them. Moreover, the contents of the bracketed information

---

[2] In the "Procedural Background" of its complaint, Koehler mentions that Appvion's allegations were "liberally 'double bracketed,'" but it does not allege any constitutional, statutory, or regulatory violations. See Compl. at 3, 6–7, ECF No. 6 (Apr. 24, 2013).

**Court No. 13-00163**                                                                                                  **Page 4**

are tangential to the claims Koehler raises in its complaint, as Koehler admitted that it conducted the transshipment scheme Appvion alleged.  See I&D Memo at 7-14.  Because it fails to demonstrate that good cause warrants expedition, Koehler's motion is denied.  See USCIT R. 3(g)(5).

## ORDER

Upon consideration of plaintiff's Motion for Expedited Briefing and Consideration, the responses thereto, and all papers and proceedings herein, and in accordance with the above, it is hereby

**ORDERED** that plaintiff's motion (ECF No. 59) is **DENIED**.  Responses to plaintiff's Motion to Compel Commerce to Strike Information Or, In the Alterative, Compel Commerce to Disclose the Information (ECF No. 57) are to be filed on or before November 25, 2013.

                                                                    /s/ Nicholas Tsoucalas
                                                                **Nicholas Tsoucalas**
                                                                     **Senior Judge**

**Date: November 14, 2013**
      **New York, New York**