**Slip Op. 14- 1**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| PAPIERFABRIK AUGUST KOEHLER SE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant, : <br> : <br> and : <br> : <br> APPLETON PAPERS INC., : <br> : <br> Defendant-Intervenor. : <br> : | Before: Nicholas Tsoucalas, <br>         Senior Judge <br> <br> Court No.: 13-00163 |

**OPINION and ORDER**

[Plaintiff's Motion to compel Commerce to strike information or, in the alternative, to disclose the information is denied.]

Dated: January 6, 2014

F. Amanda DeBusk and Matthew R. Nicely, Hughes Hubbard & Reed LLP, of Washington, DC, for plaintiff.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Jessica M. Forton, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Daniel L. Schneiderman and Gilbert B. Kaplan, King & Spalding LLP, of Washington, DC, for defendant-intervenor.

**Tsoucalas, Senior Judge:** Plaintiff Papierfabrik August Koehler SE ("Koehler") moves pursuant to 19 U.S.C. § 1677f(c)(2) for an order compelling defendant Department of Commerce

("Commerce") to strike part of defendant-intervenor Appvion, Inc.'s[1] ("Appvion") May 18, 2012 submission of new factual information. See Mot. to Compel (Nov. 5, 2013), ECF No. 57 at 1. Alternatively, Koehler requests an order compelling Commerce to disclose certain confidential information contained in that submission. Id. at 1–2. Commerce and Appvion oppose this motion. For the following reasons, Koehler's motion is denied.

### BACKGROUND

In the underlying proceeding, Commerce reviewed Koehler's sales of lightweight thermal paper ("LWTP") between November 1, 2010 and October 31, 2011 (the "review period"). See LWTP From Germany: Final Results of Antidumping Duty Administrative Review; 2010-2011, 78 Fed. Reg. 23,220 (Apr. 18, 2013) ("Final Results").

During the review, Appvion submitted an affidavit (the "Affidavit") alleging that Koehler concealed certain home market sales during the review period. See Letter to Commerce re: Submission of New Factual Information (May 18, 2012), CR 49 at 2–3, Exh. 1 ("May 18th Letter"). The Affidavit contained information "obtained from a confidential source" and Appvion placed certain information in single and double brackets. Id. at 2, Exh. 1. Appvion requested that Commerce treat the single-bracketed

---

[1] On May 13, 2013, Appleton Papers Inc. changed its name to Appvion, Inc. See Letter to the Clerk of the Court (June 21, 2013), ECF No. 25 at 1.

information as business proprietary information ("BPI"), available only to authorized parties under the administrative protective order ("APO") for the review. Id. at 2. Appvion also requested that Commerce exempt the double-bracketed information from disclosure under the APO because there was a "clear and compelling need" to withhold the information from disclosure. Id.

Appvion also included a public summary of the Affidavit, which alleged the following: "Koehler has been engaged in a scheme to defraud [Commerce] by intentionally concealing certain otherwise reportable home market transactions. In particular, Koehler is selling [LWTP] that it knows is destined for consumption in Germany through various intermediaries in third-countries." Id. at 2-3. It further alleged that Koehler used this scheme to "artificially manipulate prices attributable to those sales." Id. at 3.

Koehler objected to Appvion's use of single and double brackets in the Affidavit. Letter to Commerce re: Objections of Koehler to Over-Bracketing of Petitioner's May 18 New Fictional Information Letter (May 23, 2012), PR 92 at 1-8. It also appeared to deny the substance of Appvion's allegations, referring to the May 18th Letter as the "Submission of New Fictional Information." Id. at 1.

Pursuant to Koehler's objections, Commerce requested that Appvion provide additional justification for the bracketing in the Affidavit. Letter to Appvion re: Submission of New Factual

Information (June 1, 2012), PR 98 at 1.  In response, Appvion explained that double-bracketing was required to protect the identity of "Source 1," and that single-bracketing was required to conceal the affiant's name and employer, as well as the time period to which the allegations referred.  Letter to Commerce re: Explanation Regarding Bracketing Of Information (June 7, 2012), PR 103 at 1-7.

Despite initially characterizing the Affidavit as "fictional," Koehler subsequently admitted that it did not report certain home market sales.[2]  See Koehler's First Supplemental Questionnaire Response (June 27, 2012), CR 66 at 3.  Koehler also provided a revised home market sales database including the previously unreported sales, id. at 1-4, Exh. S1-27, but Commerce rejected it as untimely filed new factual information.  See Rejection of Factual Information Submission Filed by Koehler (Jul. 5, 2012), PR 108 at 1-2.

Commerce applied total adverse facts available ("AFA") in the Final Results, imposing a dumping margin of 75.36%.  See Final Results, 78 Fed. Reg. at 23,221.  It imposed total AFA because "Koehler admitted to the transshipment scheme . . . and Koehler

---

[2] Although it admitted to the conduct Appvion publicly alleged, Koehler subsequently restated its objection to the single- and double-bracketing of information in the Affidavit.  See Letter to Commerce re: Koehler's Continued Objection to Double Bracketed Information (Jul. 19, 2012), PR 117 at 1-7.

admitted to its exclusion of certain reportable . . . LWTP sales to Germany." <u>Issues and Decision Memorandum for the Final Results of the 2010-2011 Administrative Review on LWTP from Germany</u> (Apr. 10, 2013), PR 176 at 8.

Koehler filed the underlying action to contest the <u>Final Results</u> pursuant to 28 U.S.C. § 1581(c). <u>See</u> Complaint (Apr. 24, 2013), ECF No. 6 at 1-2. Now, Koehler appeals for an order compelling Commerce to strike the Affidavit altogether, or alternatively, to disclose the double-bracketed information and reject Appvion's request for BPI treatment of certain single-bracketed information. <u>See</u> Mot. to Compel at 1-2.

### DISCUSSION

A party submitting factual information may "[r]equest that [Commerce] treat any part of the submission as [BPI] that is subject to disclosure only under an [APO]," or "[c]laim that there is a clear and compelling need to withhold certain [BPI] from disclosure under an [APO]." 19 C.F.R. § 351.304(a)(1) (2012); <u>see</u> 19 U.S.C. § 1677f(b)(1) (2006). Upon request from an interested party, Commerce must disclose all BPI in accordance with the APO, "except privileged information, classified information, and specific information of a type for which there is a clear and compelling need to withhold from disclosure." <u>Id.</u> at § 1677f(c)(1).

If Commerce determines that "designation of any

information as proprietary is unwarranted, then it shall notify the person who submitted it and ask for an explanation of the reasons for the designation." Id. at § 1677f(b)(2). Commerce "will reject a submission that does not meet the requirements of [19 U.S.C. § 1677f(b) and 19 C.F.R. § 351.304] with a written explanation." 19 C.F.R. § 351.304(d)(1). Commerce "normally will determine the status of information within 30 days after the day on which the information was submitted." Id. at § 351.304(d)(2). And, "[i]f the business proprietary status of information is in dispute, [Commerce] will treat the relevant portion of the submission as [BPI] until [it] decides the matter." Id.

Here, Koehler argues that Commerce erroneously determined that there was a "clear and compelling need" to withhold the double-bracketed information in the Affidavit from disclosure under the APO. Mot. to Compel at 7-10. Furthermore, Koehler insists that Commerce erroneously treated certain single-bracketed information as BPI because the information was not eligible for such treatment. Id. at 11-12. Because Commerce "relied on the allegations of fraud in the Affidavit to apply total AFA," Koehler contends that Commerce's treatment of this information violated due process as well as its statutory and regulatory rights. Id. at 7. Accordingly, Koehler requests that this Court compel Commerce to strike the Affidavit or, alternatively, produce the double-bracketed information and reject the BPI designation of certain

single-bracketed information.  Id. at 1-2.

Commerce responds that Koehler's motion is not properly before the court because it did not deny Koehler's application for access to BPI under the APO. See Def.'s Resp. Opp'n Mot. to Compel (Nov. 26, 2013), ECF No. 65 at 8-10. Additionally, even if Koehler could properly raise a claim under section 1677f(c)(2), Commerce insists that the court should reject Koehler's motion because: the motion is untimely; Koehler waived its claim by failing to raise it in its case brief or in its complaint; Koehler admitted to the allegations put forth in the public summary of the Affidavit; and Commerce reasonably determined that the single- and double-bracketing in the Affidavit was proper. Id. at 10-15.

As noted above, pursuant to an application by an interested party, Commerce must provide access to BPI in accordance with the APO except for proprietary and confidential information, as well as information for which there is a "clear and compelling need" to withhold from disclosure under the APO. See 19 U.S.C. § 1677f(c)(1).  If Commerce denies a party's application for access to information under the APO, that party may appeal to this Court for an order directing Commerce to make the information available. Id. at § 1677f(c)(2); see 28 U.S.C. § 2643(c)(3). The action must be filed "within ten days after the date of the denial of the request" or it is barred. 28 U.S.C. § 2636(f).

Under 28 U.S.C. § 1581(f), this Court has exclusive

jurisdiction over actions commenced pursuant to 19 U.S.C. § 1677f(c)(2). 28 U.S.C. § 1581(f). The Court has also considered a section 1677f(c)(2) claim as part of an action under 28 U.S.C. § 1581(c) where Commerce failed to act on the plaintiff's APO application and did not provide access to BPI during the proceeding. See Gen. Elec. Co. v. United States, 16 CIT 864, 868–69, 802 F. Supp. 474, 478–79 (1992) (Tsoucalas, J.).

The court agrees with Commerce that Koehler's motion is not properly before the court in accordance with 19 U.S.C. § 1677f(c)(2). Section 1677f(c)(2) requires that Commerce deny a party's request for access to information before that party moves for an order compelling Commerce to provide access to the information. See 19 U.S.C. § 1677f(c)(2). Here, Koehler's motion does not concern a denied APO application, it concerns Commerce's treatment of certain single- and double-bracketed information in the Affidavit. See Mot. to Compel at 8–13. Because Koehler's motion concerns the BPI designations and not access to information under an APO, it is not properly before the court. 19 U.S.C. § 1677f(c)(2).

For this same reason, Koehler cannot rely on General Electric to make its section 1677f(c)(2) claim within its action under 28 U.S.C. § 1581(c). In General Electric, the Court found that Commerce's failure to act on a party's APO application denied that party an opportunity to "fully participate" in the review.

See Gen. Elec., 16 CIT at 870, 802 F. Supp. at 480.  However, because Koehler challenges Commerce's acceptance of certain BPI designations, it does not have a claim under section 1677f(c)(2) and the concerns underpinning the Court's holding in General Electric are not applicable.  See id., 802 F. Supp. at 480.  Accordingly, Koehler's motion must be denied.

## ORDER

Upon consideration of plaintiff's Motion to Compel Commerce to Strike Information, or, in the Alternative, Compel Commerce to Disclose the Information, the responses thereto, and in accordance with the above, it is hereby:

**ORDERED** that plaintiff's motion is **DENIED**.

**SO ORDERED.**

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

**Dated: January 6, 2014
New York, New York**