**Slip Op. 14-89**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| PAPIERFABRIK AUGUST KOEHLER SE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant, : <br> : <br> and : <br> : <br> APPLETON PAPERS INC., : <br> : <br> Defendant-Intervenor. : | Before: Nicholas Tsoucalas, <br> Senior Judge <br><br> Court No.: 13-00163 |

**OPINION and ORDER**

[Defendant-intervenor's motions to strike are denied.]

Dated: July 28, 2014

F. Amanda DeBusk, Matthew R. Nicely, John F. Wood, Eric S. Parnes, Lynn G. Kamarck, and Alexandra B. Hess, Hughes Hubbard & Reed LLP, of Washington, DC, for plaintiff.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel on the brief was Jessica M. Forton, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Daniel L. Schneiderman and Gilbert B. Kaplan, King & Spalding LLP, of Washington, DC, for defendant-intervenor.

**Tsoucalas, Senior Judge:** Before the court are two motions to strike filed by defendant-intervenor Appvion, Inc.[1] ("Appvion"). Appvion moves pursuant to USCIT Rule 12(f) to strike certain information in plaintiff Papierfabrik August Koehler SE's ("Koehler") reply brief and to strike the Notice of Supplemental Authority Koehler filed on July 2, 2014, arguing that the contested information in both documents was not on the administrative record before defendant United States Department of Commerce ("Commerce") during the third administrative review ("AR3") of lightweight thermal paper ("LWTP") from Germany.[2] See Def.-Int.'s Mot. to Strike Information in Pl.'s Reply Br., ECF No. 106 (June 24, 2014) ("First Motion to Strike"); Def.-Int.'s Mot. to Strike Pl.'s Notice of Supplemental Auth., ECF No. 111 (July 7, 2014) ("Second Motion to Strike"). Commerce supports Appvion's motions. See Def.'s Consolidated Resp. to Appvion's Mot. to Strike and to Koehler's Notices of Supplemental Auth., ECF No. 114 at 1–2 (July 10, 2014). Koehler opposes both of Appvion's motions to strike. See Resp. to Def.-Int.'s Mot. to Strike Information in Pl.'s Reply Br., ECF No. 108 at 1 (July 2, 2014); Resp. to Def.-Int.'s Mot. to Strike Pl.'s Notice of Supplemental Auth., ECF No. 112 at 1–2 (July 9, 2014).

---

[1] In May 2013, Appleton Papers Inc. changed its name to Appvion, Inc. See Letter to Clerk of the Court, ECF No. 25 (June 21, 2013).

[2] Koehler initiated the underlying case, Court No. 13-163, to contest Commerce's determination in AR3. See Complaint, ECF No. 6 (Apr. 24, 2013).

Appvion's First Motion to Strike concerns Koehler's use in its reply brief of home market sales data that Commerce rejected as untimely during AR3 to estimate its dumping margin.[3] ECF No. 106 at 1. In the reply brief, Koehler argued that the adverse facts available ("AFA") rate Commerce selected was punitive and supported its claim by comparing the AFA rate to the margin it estimated using the rejected sales data. See Pl.'s Reply Br., ECF No. 100 at 32-33 (June 13, 2014). Appvion insists that the court must strike this information because Koehler "well knows" that the home market data was not on the record of AR3 and, therefore, Koehler's repeated use of this information "can only be viewed as an effort to confuse or mislead the [c]ourt." ECF No. 106 at 1, 2. Koehler responds that its reliance on this information was proper because it presented the home market sales data to Commerce and Commerce retained that information on the record, despite rejecting it as untimely. ECF No. 108 at 2.

Appvion's Second Motion to Strike concerns Koehler's submission to the Court of the remand results of the second administrative review of LWTP from Germany ("AR2 Remand") as

---

[3] Commerce rejected the home market sales data as untimely, but retained it on the record in accordance with 19 C.F.R. § 351.104(a)(2). See Rejection of Factual Information Submission Filed by Koehler at 1-2 (July 5, 2012). Section 351.104(a)(2) provides that, in certain situations, Commerce will retain a copy of a rejected document on the record "solely for purposes of establishing and documenting the basis for rejecting the document." 19 C.F.R. § 351.104(a)(2)(ii).

supplemental authority. ECF No. 111 at 1. Koehler submitted AR2 Remand because Commerce found that all of Koehler's data on the record of the second administrative review was unreliable and applied total AFA. See Notice of Supplemental Auth., ECF No. 109 at 1 (July 2, 2014). According to Koehler, AR2 Remand undermines Commerce's use of transaction-specific dumping margins from the second administrative review to corroborate the AFA rate in AR3. Id. at 2. Appvion argues that striking this submission is appropriate because Koehler introduces a new legal theory and new information that was not on the record for AR3. ECF No. 111 at 2–3. Koehler insists that the court should accept AR2 Remand as supplemental authority because it supports its argument that Commerce insufficiently corroborated the AFA rate and because courts have taken judicial notice of subsequent agency decisions in the past. See ECF No. 112 at 2–4.

"[M]otions to strike are generally disfavored or extraordinary remedies." Hynix Semiconductor, Inc. v. United States, 27 CIT 1469, 1470 (2003) (internal quotation marks omitted). "Nevertheless, this Court has broad discretion in evaluating motions to strike . . . ." Id. The Court should grant motions to strike "only in cases where there has been a flagrant disregard of the rules of court[,]" and should deny motions to strike "unless the brief demonstrates a lack of good faith, or that the [C]ourt would be prejudiced or misled by the inclusion in

the brief of the improper material." Fla. Tomato Exch. v. United States, 38 CIT __, __, 973 F. Supp. 2d 1334, 1338 (2014) (internal citations omitted).

The court finds that it is unnecessary to strike either the portions of Koehler's reply brief relying on the rejected home market sales data or the Notice of Supplemental Authority. As noted above, motions to strike are "disfavored" remedies. Hynix, 27 CIT at 1470. Despite Appvion's claims that Koehler included the contested information to confuse or mislead the court, its sole argument appears to be that the court cannot consider this information because it was not on the record of AR3. This Court has held, however, that "there is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record." Hynix, 27 CIT at 1470 (quoting Acciai Speciali Terni S.P.A. v. United States, 24 CIT 1211, 1217, 120 F. Supp. 2d 1101, 1106 (2000)). Rather, "[t]he proper method of raising those issues is by so arguing, either in the brief or in a supplemental memorandum, but not by filing a motion to strike." Id. (quoting Acciai Speciali, 24 CIT at 1217, 120 F. Supp. 2d at 1106). The court can address the issues on the merits as part of its decision on Koehler's motion for judgment on the agency record.

Ultimately, Appvion's conclusory statements that Koehler's reliance on the contested information demonstrates bad faith, a flagrant disregard for the rules of court, or an attempt to mislead the court are insufficient to warrant striking that information. See Fla. Tomato Exch., 38 CIT at __, 973 F. Supp. 2d at 1338. Appvion had less extreme means by which to contest Koehler's reliance on the information at issue. See Hynix, 27 CIT at 1470. Accordingly, Appvion's motions to strike are denied.

## ORDER

Upon consideration of Defendant-Intervenor's Motion to Strike information in Plaintiff's Reply Brief (ECF No. 106) and Defendant-Intervenor's Motion to Strike Plaintiff's Notice of Supplemental Authority (ECF No. 111), the responses to those motions, and the papers and proceedings herein, it is hereby

**ORDERED** that Defendant-Intervenor's Motion to Strike Information in Plaintiff's Reply Brief (ECF No. 106) is **DENIED**; and it is further

**ORDERED** that Defendant-Intervenor's Motion to Strike Plaintiff's Notice of Supplemental Authority (ECF No. 111) is **DENIED**.

**SO ORDERED.**

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

**Dated:** July 28, 2014
**New York, New York**