**Slip Op. 15-4**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____
PAPIERFABRIK AUGUST KOEHLER SE, :
                                :
        Plaintiff,              :   Before: Nicholas Tsoucalas,
                                :           Senior Judge
    v.                          :
                                :   Court No.: 13-00163
UNITED STATES,                  :
                                :
        Defendant,              :   PUBLIC VERSION
                                :
        and                     :
                                :
APPLETON PAPERS, INC.,          :
                                :
        Defendant-Intervenor.   :
_____
```

**OPINION**

[Plaintiff's motion to amend judgment is denied.]

Dated: January 20, 2015

F. Amanda DeBusk, Matthew R. Nicely, John F. Wood, Eric S. Parnes, Lynn G. Kamarck, and Alexandra B. Hess, Hughes Hubbard & Reed LLP, of Washington, DC, for plaintiff.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Joyce R. Branda, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Jessica M. Link, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Gilbert B. Kaplan and Daniel L. Schneiderman, King & Spalding LLP, of Washington, DC, for defendant-intervenor.

**Tsoucalas, Senior Judge**: Plaintiff Papierfabrik August Koehler SE ("Koehler") moves to amend this Court's judgment in Papierfabrik Koehler Se v. United States, 38 CIT ___, ___ Slip Op. 14-102, (September 3, 2014) ("Koehler I"), pursuant to USCIT R. 59. Koehler I upheld Defendant United States Department of Commerce's ("Commerce") Final Results, rejecting corrected sales data submitted by Koehler and applying total adverse facts available ("AFA") in the third administrative review ("AR3") of lightweight thermal paper from Germany. Lightweight Thermal Paper From Germany: Final Results of Antidumping Duty Administrative Review; 2010-2011, 78 Fed. Reg. 23,220, 23,220 (Apr. 18, 2013) ("Final Results"). Koehler seeks to amend the judgment in Koehler I denying its motion for judgment on the agency record. Pl.'s Mot. to Amend J. at 1-6, October 3, 2014, ECF No. 127. Koehler requests that the case be remanded to Commerce to calculate a new antidumping rate utilizing data Koehler submitted with its original questionnaire response. Id. Commerce and Defendant-Intervenor Appvion Inc. (formerly Appleton Papers Inc.) oppose Koehler's motion. Def.'s Resp. to Mot. Amend J. at 1-6, November 3, 2014, ECF No. 129; Def. Intervenor's Resp. in Opp'n to Pl.'s Mot. to Amend J. at 1-7, October 22, 2014, ECF No. 128. The court assumes familiarity with the record and proceedings to date. For the following reasons Koehler's motion is denied.

Pursuant to USCIT Rule 59(a)(1)(B), "[t]he court may, on motion, grant a new trial or rehearing on all or some of the issues – and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." USCIT R. 59(a)(1)(B). A motion to amend a judgment should be granted if the "movant demonstrate[s] that the judgment is based on manifest errors of law or fact." Union Camp Corp. v. United States, 23 CIT 264, 270, 53 F. Supp. 2d 1310, 1317 (1999).

A court should not disturb its prior decision unless it is manifestly erroneous. Starkey Labs., Inc. v. United States, 24 CIT 504, 505, 110 F. Supp. 2d 945, 946-47 (2000). The purpose of a rehearing is not to relitigate the case. Mita Copystar America Inc. v. United States, 22 CIT 2, 3, 994 F. Supp. 393, 394 (1998), rev'd on other grounds, 160 F.3d 710 (Fed. Cir. 1998).

Koehler argues that the court made manifest errors of law and fact in upholding Commerce's Final Results which rejected corrected sales data submitted by Koehler and applied total AFA. Pl.'s Mot. to Amend J. at 1-6. Although Koehler admits that some of its employees engaged in misconduct resulting in incomplete questionnaire responses, Koehler claims that its management was not involved in the deception. Id. at 2. Koehler insists that once the issue of omitted home market sales was brought to senior

management's attention, Koehler undertook a thorough review of all underlying sales and included necessary corrections. Id. at 3.

This court declines to relitigate the instant case. See Mita Copystar, 22 CIT at 3. As the court found in its opinion, "Koehler's argument that 'supervisors' and 'senior management' were unaware of the transshipments is not supported by the record." Koehler I, at 10-11. Additionally, the court ruled that:

> Koehler did not provide Commerce with any evidence supporting this claim during the review, and its attempt to extend this claim to the vaguely-titled "supervisors" and "senior management" is similarly undocumented. In fact, Koehler admitted that [[
> ]]. ("[[
>
>
> ]].")

Koehler I, at 11 (citations omitted). Koehler was responsible for the actions of its entire company, especially any actions that may have had an effect on its reporting to Commerce. Id. This Court did not err in rejecting Koehler's data and the results of the independent investigation.

Koehler posits that such aberrational behavior by a small group of employees does not call into question the veracity of the sales Koehler did properly report to Commerce nor the veracity of Koehler's submission of the data following an investigation by outside counsel and auditors. Pl.'s Mot. to Amend J. at 3. Koehler argues that the law does not condemn timely-

submitted data that are not affected by any inattentiveness, carelessness, or inadequate record keeping. Id.

The Court previously considered this very same argument in its opinion, and it refuses to relitigate the issue. See Mita Copystar, 22 CIT at 3. As the Court noted previously, Commerce's decision to apply total AFA was appropriate, because by concealing certain home market sales necessary for calculating the dumping margin, Koehler undermined both the credibility and reliability of its data overall such that Commerce could not calculate the normal value and was unable to perform any comparisons to U.S. prices. Koehler I, at 18.

Furthermore, Koehler claims that the instant case is "exactly like" Gerber Food (Yunnan) Co., Ltd. v. United States, in that misconduct affecting certain discrete sales does not justify wholesale rejection of all of respondent's data. See Gerber Food (Yunnan) Co., Ltd. v. United States, 29 CIT 753, 754, 387 F.Supp.2d 1270, 1272-73 (2005); Pl.'s Mot. to Amend J. at 6. Koehler's reliance on Gerber is misplaced. See Gerber, 29 CIT at 768. As the Court discussed in Koehler I, the instant case is not a situation "where the respondent's conduct affected only a discrete category of information." Koehler I, at 18. Additionally, the instant case is also distinguishable from Gerber, because in Gerber the information withheld was not necessary to the calculation of antidumping duty assessment rates, whereas here, the information

withheld was necessary for calculating the antidumping rates. See Gerber, 29 CIT at 768.

Finally, Koehler argues that Commerce should not be permitted to corroborate the total AFA rate in AR3 using data Commerce deemed unreliable in the second Administrative Review ("AR2"). Pl.'s Mot. to Amend J. at 5. Once again, this Court previously considered this issue in Koehler I and found that the remand results of AR2 are not on the record of AR3. Koehler I, at 24 n.8; QVD Food Co. v. United States, 658 F.3d 1318, 1324-25 (Fed. Cir. 2011). This court found that Commerce may use transaction-specific margins from data found unreliable for the purpose of calculating a weighted average dumping margin in order to corroborate an AFA rate. Koehler I, at 24 n.8.

Accordingly, the court finds that its judgment was not based on manifest errors of law or fact. See Union Camp Corp. v. United States, 23 CIT at 270. Koehler's motion is denied.

## ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that Plaintiff Koehler's Motion to Amend Judgment is denied.

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

Dated: **January 20, 2015**
       **New York, New York**